ORIGINAL

CHRISTINE M. WEAVER
Law Office of Christine M. Weaver, P.S.
9011 E Valleyway Ave.
Spokane Valley, WA 99212
(509) 924-5181

FILED
AUG - 8 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

* * *

ANNETTE BUEHLER, an individual,

Plaintiff,

v.

THE UNITED STATES

Defendant.

NO. 06-382C

Honorable Lawrence J. Block

COMPLAINT FOR DAMAGES

* * *

COMES NOW Plaintiff by and through her attorney of record, Christine M. Weaver of The Law Office of Christine M. Weaver, P.S., and for complaint damages:

## I. PARTIES

1.1 Plaintiff is and was at all times material to this action a resident of Spokane County, State of Washington.

1.2 Defendant is and was at all times material to this action a governmental entity doing business in Spokane County, State of Washington.

## II. JURISDICTION AND VENUE

2.1 All acts and omissions alleged herein occurred in Spokane County, State of Washington. The parties are subject to the jurisdiction of this Court and venue is properly placed in the United States District Court for the Eastern District of Washington.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

2.2 This Court has subject matter jurisdiction pursuant to 29 CFR § 1614.407(d), Title VII of the Civil Rights Act of 1964, and supplemental jurisdiction for the related claims arising from violation of state statutory and common law under 28 U.S.C. § 1367.

## III. STATEMENT OF FACTS

3.1 All acts by Defendant United States Postal Service's ("USPS") Spokane Processing and Distribution Center ("Center") managers, supervisors, board members and employees of Defendant were committed in the course and scope of employment.

3.2 Plaintiff was originally hired by Defendant in 1985.

3.3 Plaintiff has continuously worked for Defendant in positions such as Distribution Clerk, Revenue Protection Clerk, and Mail Processing Clerk since 1985.

3.4 From 2001 through August 2003, Plaintiff was paid significantly less than her similarly situated male counterparts for performing the same job duties.

3.5 Plaintiff was treated disparately because of her gender since similarly situated male counterparts were not subjected to the same treatment from the Defendant's supervisors.

3.6 On numerous occasions, Plaintiff's supervisors at the Center shouted at her, addressed her in an extremely rude and intimidating manner, removed equipment from her desk that was essential to the performance of her job duties and gave this equipment to a male employee, and subjected Plaintiff to other similar misconduct because of her gender. Also, Plaintiff's supervisors instructed her to violate USPS regulations and procedures and threatened her with disciplinary action if she failed to comply.

3.7 Moreover, Plaintiff's supervisors at the Center informed her that her position as Revenue Protection Clerk was being dissolved then, after she was removed, the position was given to a male employee. Also, Plaintiff was denied numerous promotions and other opportunities because she is female.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

3.8 Plaintiff filed a formal complaint for gender discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 20, 2001.

3.9 On August 19, 2003, Plaintiff entered into a Settlement Agreement ("Agreement") with Defendant attempting to resolve her EEOC claims.

3.10 The Agreement required Defendant to provide Plaintiff with a position approved by her medical care providers.

3.11 The Agreement further stated that Defendant would pay Plaintiff, as a lump sum, any leave without pay taken as a result of Defendant's EEOC complaint, and that Defendant would reimburse Plaintiff for all out-of-pocket medical expenses as a result of the EEOC complaint within thirty (30) days of executing the Agreement.

3.12 However, Plaintiff did not receive reimbursement for out-of-pocket medical expenses until or about January 30, 2004, five and a half months after the settlement.

3.13 Consistent with the Agreement's mandate, Plaintiff supplied Defendant with documentation indicating her physical and emotional limitations and Defendant provided Plaintiff with a position approved by her medical care providers but only until January 7, 2004, after which time Plaintiff was ordered to return to the Center.

3.14 Upon learning that she was going to be returned to the Center, Plaintiff submitted additional medical documentation regarding her limitations.

3.15 Despite this documentation, Defendant refused to provide Plaintiff with a position approved by her medical care providers.

3.16 As a result of Defendant's conduct, Plaintiff has been diagnosed with post-traumatic stress and anxiety disorders.

3.17 Defendant was notified of Plaintiff's diagnosed disorders, as well as her doctor's recommendations that she be placed in a limited or light duty position to accommodate her disorders.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

3.18 Defendant failed to include night differential pay into Plaintiff's lump sum payment, which she was entitled to under the Agreement.

3.19 Plaintiff appealed to the EEOC for breach of the Agreement on or about January 21, 2004.

3.20 It has been more than 180 days since Plaintiff filed the appeal with the EEOC for Defendant's violations and the EEOC has failed to issue a decision. Therefore, Plaintiff is entitled to file a civil action pursuant to 29 CFR § 1614.407(d).

## IV. CAUSES OF ACTION

A. Gender Discrimination

4.1 Defendant is liable for all acts and omissions of its employees, supervisors, and plant supervisors.

4.2 Defendant violated Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination, RCW 49.60, *et seq.*, by discriminating against Plaintiff based on her gender.

4.3 Plaintiff has been treated disparately since she has not received the same compensatory consideration and treatment as her similarly situated male counterparts.

B. Hostile Work Environment

4.4 Defendant violated Washington and federal laws by placing Plaintiff in a work situation where she was subjected to gender discrimination and a hostile work environment.

4.5 Defendant acted by and through the actions of Plaintiff's supervisors and employees at the Center.

4.6 Defendant discriminated against Plaintiff by refusing to address the conduct of its supervisors and employees, and by not remedying the hostile work environment when complained of by Plaintiff.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

4.7 Defendant allowed a gender related hostile work environment to continue by not addressing Plaintiff's complaints regarding gender discrimination.

4.8 As a result of the gender related hostile work environment, Plaintiff now suffers from post-traumatic stress and anxiety disorders.

D. Retaliation

4.9 Plaintiff has a right to complain of perceived workplace discrimination under federal and state law without fear of retaliation for doing so.

4.10 Plaintiff was subjected to a hostile work environment and further discrimination for filing a formal EEOC complaint.

4.11 Defendant is responsible for the acts of its employees, directors, officers, and supervisors who retaliated against Plaintiff.

E. Disability Discrimination

4.12 Defendant has violated Washington laws against disability discrimination by failing to make reasonable accommodations for Plaintiff's medical conditions.

4.13 Defendants had knowledge of Plaintiff's physical and emotional conditions which substantially limit her ability to do her job as requested by the Center.

4.14 Despite this knowledge, Defendant failed to affirmatively adopt measures that are available and medically necessary to accommodate Plaintiff's medical condition.

4.15 Defendant has failed to reasonably accommodate Plaintiff's medical conditions by refusing to provide her with limited or light duty as advised by Plaintiff's medical care providers.

F. Fraud

4.16 On August 14, 2003, Defendant, with intent to defraud Plaintiff, represented to Plaintiff that, for a permanent duration, she would be assigned a job that would comport with the advice of her medical care providers.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

4.17 This representation was false and known to be false by Defendant at the time it was made.

4.18 In fact, Defendant intended for the job change to be only temporary.

4.19 Plaintiff was ignorant of the falsity of the representation, and believed it to be true.

4.20 Plaintiff relied on the representation, and was induced into executing the Agreement in an effort to never again be subjected to the misconduct she had faced at the Center.

4.21 Defendant made the representation for the purpose of inducing Plaintiff into executing the Agreement so that she would drop all outstanding claims against Defendant.

4.22 As a result of Defendant's conduct, Plaintiff has suffered damages in that she is now on leave without pay, because Defendant is requiring her to return to the Center against the advice of her medical care providers.

4.23 Therefore, the Agreement should be ruled invalid by the Court because of Defendant's fraud.

G. Breach of Contract

4.24 Should the Court find that the Agreement between Plaintiff and Defendant was not invalid based on fraud, then Defendant breached various provisions of the Agreement.

4.25 On or about January 7, 2004, Defendant has failed to provide Plaintiff with a position approved by her medical care providers in violation of the Agreement.

4.26 Also, Defendant breached the Agreement by failing to compensate Plaintiff for night differential pay in Plaintiff's lump sum payment. Plaintiff was entitled to night differential because that was part of her ordinary compensation.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

4.27 Defendant breached the Agreement by failing to reimburse Plaintiff for out-of-pocket medical expenses within thirty (30) days of execution of the Agreement as required by the Agreement.

H. Specific Performance

4.28 Plaintiff executed the Agreement and submitted all necessary medical documentation to enable Defendant to comply with the Agreement.

4.29 Therefore, if the Agreement is valid, then Plaintiff is entitled to specific performance of the Agreement by order of the Court.

I. Bad Faith

4.30 Under the laws of Washington, Defendant has a duty to execute an agreement in good faith.

4.31 Defendant failed to act in good faith in executing the Agreement. Furthermore, Defendant has breached the Agreement.

J. Intentional and Negligent Infliction of Emotional Distress

4.32 Defendant's action/inaction intentionally and negligently inflicted emotional distress on Plaintiff.

## V. DAMAGES

5.1 As a direct and proximate result of the gender discrimination, hostile work environment, retaliation, disability discrimination and intentional and negligent infliction of emotional distress, Plaintiff has suffered and will continue to suffer economic, physical, and emotional damages with specific amounts to be proven at the time of trial.

5.2 In the alternative to the Court ordering specific performance of the Agreement, Defendant's wrongful breach of the Agreement has caused Plaintiff economic, physical, and emotional damages with specific amounts to be proven at the time of trial.



LAW OFFICE OF CHRISTINE M. WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

## VI. JURY DEMAND

Plaintiff hereby demands that this case be tried to a jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief and prays that she be awarded:

1. Actual damages as defined by federal and Washington discrimination laws;
2. Punitive damages for violations of discrimination laws;
3. Court order that the Agreement is void based on fraud;
4. Court order that Defendant comply with the various provisions of the Agreement it has breached;
5. In the alternative, award Plaintiff damages for Defendant's wrongful breach of Agreement;
6. Costs of litigation and reasonable attorneys fees;
7. Interest calculated at the maximum amount allowable by law;
8. Compensation for adverse income tax consequences;
9. Leave to amend Plaintiff's Complaint for Damages.
10. Leave to identify any other defendant who may become known through lawful methods of discovery;
11. For such further and additional relief as the Court deems equitable, appropriate or just.

DATED: December 2, 2004.

MILLER, DEVLIN, MCLEAN & WEAVER, P.S.

By: ______________________
CHRISTINE M. WEAVER, WSBA # 20845
Attorneys for Plaintiffs



MILLER, DEVLIN, McLEAN & WEAVER, P.S.
201 W. North River Drive, Suite 500
Spokane, WA 99201-2266
TEL: (509) 327-5591 FAX: (509) 328-6436

STATE OF WASHINGTON )
) ss.
County of Spokane )

ANNETTE BUEHLER, being first duly sworn on oath, deposes and says:

I am the Plaintiff in the above-entitled action; I have read the foregoing instrument and, know the contents thereof, and state the facts and matters stated therein are true to the best of my knowledge, information and belief.

ANNETTE BUEHLER

SUBSCRIBED AND SWORN before me this 6th day of December, 2004.

Notary Public in and for the State of Washington,
residing at E Spokane
My Commission expires: 8/27/07

PJW|X:\48265001.041\PLDG\COMPLAINT1.WPD



MILLER, DEVLIN, McLEAN & WEAVER, P.S.
201 W. North River Drive, Suite 500
Spokane, WA 99201-2266
TEL: (509) 327-5591 FAX: (509) 328-6436