IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANNETTE BUEHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-382C (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss plaintiff's complaint, as amended, for lack of subject matter jurisdiction. In support of this motion, we rely upon the amended complaint, the attached appendix, and the following brief.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUES

1. Whether this Court lacks subject matter jurisdiction to entertain Ms. Buehler's Title VII claims when those claims were dismissed by the United States District Court for the Eastern District of Washington, were not transferred to this Court, and fall outside the limited jurisdiction of this Court.

2. Whether this Court lacks subject matter jurisdiction to entertain Ms. Buehler's claim for breach of a Title VII settlement agreement when those claims are for equitable relief and do not present a claim for actual, presently-due money damages.

## STATEMENT OF THE CASE

I. Nature Of The Case

Plaintiff, Annette Buehler, alleges that the Government breached an Equal Employment Opportunity ("EEO") settlement agreement that she entered into with the United States Postal Service ("Postal Service"). Specifically, Ms. Buehler alleges that the Postal Service failed to comply with provisions of the settlement agreement that required the agency to assign Ms. Buehler to a detail, pay Ms. Buehler night differential pay, and reimburse Ms. Buehler her out-of-pocket medical expenses. Amend. Compl. at ¶ 4.10-4.12. Ms. Buehler raises these allegations in the context of claims of discrimination and claims of fraud and for breach of contract and seeks punitive damages, specific performance, and unspecified monetary damages.

II. Statement Of Facts[1]

Ms. Buehler has been employed as a clerk with the Postal Service in Spokane, Washington since 1985. Amend. Compl. ¶¶ 3.1-3.3. In 2001, Ms. Buehler filed an EEO complaint alleging sex discrimination, reprisal, and disability discrimination. The complaint was dismissed as untimely but reinstated upon appeal to the Equal Employment Opportunity Commission ("EEOC"), where the parties entered into mediation. On August 19, 2003, the parties reached an agreement settling Ms. Buehler's EEO claims. App. A. The settlement agreement provided, among other things, that: (1) the Postal Service would assign Ms. Buehler to a detail as approved by her medical care provider; (2) the Postal Service would pay Ms. Buehler

[1] For the purposes of this motion only, we accept as true the factual allegations as set forth in the amended complaint filed on November 28, 2006. However, the Court "may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact." Morris v. United States, 33 Fed. Cl. 733, 742 (1995).

a lump sum representing any leave without pay Ms. Buehler took as a result of the complaint; and (3) the Postal Service would reimburse Ms. Buehler's out-of-pocket medical expenses "upon documentation submitted to the Manager of Human Resources within thirty (30) days of the date of execution . . . ." The settlement agreement also provided that, in the event any party does not carry out or rescinds any portion of the settlement agreement, the EEO complaint may be reinstated. App. A at 3 (citing 29 C.F.R. § 1614.504(a)).

On September 11, 2003, the Postal Service placed Ms. Buehler in a detail assignment. On September 18, 2003, the Postal Service paid Ms. Buehler $16,743.68 — the sum representing the leave without pay taken during the pendency of the EEO complaint. On December 29, 2003, Ms. Buehler submitted a request for payment of out-of-pocket medical expenses which was paid on January 30, 2004. App. B.

On January 21, 2004, Ms. Buehler appealed to the EEOC, alleging that the Postal Service breached the settlement agreement. App. C. The Postal Service issued a final decision on March 1, 2004, finding no breach of the settlement agreement. Following this decision, the Postal Service forwarded its findings to the EEOC and on March 10, 2005, the EEOC affirmed the Postal Service determination , providing Ms. Buehler with an opportunity to seek reconsideration – an opportunity that she declined. Id.

On December 27, 2004, during the EEOC proceedings, Ms. Buehler filed a complaint in the United States District Court for the Eastern District of Washington alleging the identical claims set forth in her complaint before this Court. App. F. After the United States filed a motion to dismiss Ms. Buehler's complaint, the parties, on March 29, 2006, voluntarily stipulated to dismiss Ms. Buehler's claims of gender discrimination, hostile work environment,

retaliation, disability discrimination, and intentional infliction of emotional distress.

The parties agreed that only the remainder of the claims, based upon an alleged breach of the settlement agreement, should be transferred to this Court. App. D. The following day, the district court entered an order dismissing Ms. Buehler's discrimination claims and transferring only Ms. Buehler's breach of settlement agreement claims to this Court. App. E. The case was transferred to this Court on May 11, 2006. On August 8, 2006, Ms. Buehler filed her transfer complaint in this Court alleging the identical claims set forth in her complaint before the district court, including those claims that were dismissed and not transferred to this Court. On November 28, 2006, one day before our response to her original complaint was due, Ms. Buehler filed an amended complaint that nominally omits those claims dismissed by the district court but continues to include in its prayer for relief and damages section, damages for discrimination and tort claims.

## SUMMARY OF ARGUMENT

______Ms. Buehler's discrimination and tort claims must be dismissed because they are not properly before this Court and, even if they were, this Court lacks jurisdiction to entertain discrimination and tort claims. Ms. Buehler's claim that the Government breached the Title VII settlement agreement must also be dismissed because it is a claim for equitable relief. To the extent that Ms. Buehler appears to claim actual money damages, those claims must also be dismissed because they are not claims for actual, presently-due money damages.

## ARGUMENT

### I. Legal Standards Pursuant To RCFC 12(b)(1)

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); United States

v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to invoke it. Wilson v. United States, 58 Fed. Cl. 760, 762 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge. Wilson, 58 Fed. Cl. at 762. "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998).

## II. This Court Lacks Jurisdiction To Entertain Ms. Buehler's Tort And Discrimination Claims

Although Ms. Buehler has, as of November 28, 2006, amended her complaint to omit certain claims, she still requests relief and damages for her alleged discrimination and tort claims. These claims are not properly before this Court. As we have demonstrated, at the parties' request, the district court dismissed Ms. Buehler's discrimination and tort claims and transferred to this Court only Ms. Buehler's claims for breach of the settlement agreement. App. E. Ignoring this order entirely, Ms. Buehler filed the identical complaint (save the caption) in this Court, alleging all of the discrimination and tort claims that she voluntarily dismissed in district court. Ms. Buehler's amended complaint does not fully remedy her initial error and continues to request relief for various discrimination and tort claims. Amend. Compl. ¶ 5.1.

Even if Ms. Buehler intended to disregard the district court's dismissal, this Court lacks jurisdiction to entertain claims for discrimination and claims sounding in tort. Specifically, Ms. Buehler continues to assert in her amended complaint Title VII of the Civil Rights Act as the jurisdictional basis for her claims of gender and disability discrimination, hostile work environment, and retaliation. Amend. Compl. ¶ 2.2. However, this Court lacks jurisdiction to entertain discrimination claims arising from Title VII of the Civil Rights Act because jurisdiction to entertain such claims is vested exclusively in the district courts. Pines Residential Treatment Ctr. v. United States, 64 Fed. Cl. 307, 315 (2005). Additionally, the Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ... in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); Shearin v. United States, 992 F.2d 1195, 1997 (Fed. Cir. 1993). Ms. Buehler's claim for damages as a result of intentional and negligent infliction of emotional distress, Amend. Compl. ¶ 5.1, is indisputably a claim arising in tort; therefore, this Court lacks jurisdiction to entertain it.

To the extent that Ms. Buehler continues to allege fraud — a claim that was not specifically dismissed or transferred to this Court — she has done so without specificity and, in any event, this Court lacks jurisdiction to consider that claim. "A claim for fraud is a claim sounding in tort and therefore cannot be considered by the Court of Federal Claims." Marlin v. United States, 63 Fed. Cl. 475, 476 (2005). Therefore, this Court should dismiss Ms. Buehler's fraud claim for lack of subject matter jurisdiction.

III. This Court Does Not Possess Jurisdiction Over Claims For Breach Of A Title VII Settlement Agreement Unless The Claim Is A Pure Contract Claim For Presently Due Money Damages That Neither Seeks Any Equitable Relief Nor Requires An Interpretation Of Title VII

As a court of limited jurisdiction, this Court possesses only those powers awarded by the Constitution and statutes, and those powers cannot be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside this Court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id.

This Court possesses jurisdiction to entertain certain actions pursuant to the Tucker Act. The Tucker Act waives the United States' sovereign immunity for actions "founded either upon the Constitution, or any Act of Congress or any regulations of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create a substantive right to recovery against the United States. United States v. Testan, 424 U.S. 392, 398-99 (1976). Instead, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Id. at 401-02.

This Court's Tucker Act jurisdiction may be preempted where there is a comprehensive, precisely-drawn statutory scheme providing for judicial review of the matter in another forum. See Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005). In the past, this Court has recognized that Title VII is such a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court. Lee v. United States, 33 Fed. Cl. 374, 378 (1995) (citing Brown v. General Servs. Admin., 425 U.S.

820, 829 (1976)). As we have demonstrated, under Title VII, a Federal employee may file his or her discrimination claim in Federal district court once all administrative remedies have been exhausted. 42 U.S.C. §§ 2000e-5, e-16. Accordingly, this Court lacks jurisdiction to entertain Title VII claims, and exclusive jurisdiction over those claims rests with the district court.

Whether this Court possesses jurisdiction to entertain a claim for breach of a settlement agreement resulting from a Title VII action, however, is a more complex question. Indeed, there have been several instances where such cases have been transferred back and forth between this Court and a district court, each insisting that the other possesses jurisdiction over the claim. See Griswold v. United States, 61 Fed. Cl. 458 (2004) (transferred three times); Taylor v. United States, 54 Fed. Cl. 423 (2002) (transferred twice); Lee v. United States, 33 Fed. Cl. 374 (1995) (transferred by the district court to this Court for lack of jurisdiction and then dismissed by this Court for lack of jurisdiction). In Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 819 (1988), the Supreme Court recognized that multiple transfers can be exasperating for litigants and stressed that "[u]nder law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."

Generally, this Court has consistently held that it does not possess jurisdiction to entertain claims that the Government breached settlement agreements resulting from Title VII actions where the plaintiff seeks some kind of equitable relief. See Griswold v. United States, 61 Fed. Cl. 458 (2004) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included equitable orders of reinstatement, future notice of civil service exams, access to civil service examinations, and other appropriate equitable relief); Taylor v. United States, 54 Fed. Cl. 423 (2002) (dismissing claim for breach of Title VII

settlement agreement for lack of jurisdiction where relief sought included adjustments to annual and sick leave, seniority, entry date, and salary); Mitchell v. United States, 44 Fed. Cl. 437 (1999) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included determination that settlement agreement did not encompass all of plaintiff's Title VII actions); Lee v. United States, 33 Fed. Cl. 374 (1995) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustment of plaintiff's performance rating and increase of Employee Performance Management System award); Fausto v. United States, 16 Cl. Ct. 750 (1989) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included providing plaintiffs with a Form 50 that included the reasons for plaintiff's resignation).

However, this Court does not necessarily lack jurisdiction to entertain every Title VII settlement agreement. See Schnelle v. United States, 69 Fed. Cl. 463, 465 n.1 (2006). The determination depends upon whether the plaintiff's claims amount to an action or proceeding arising under Title VII or are simply contractual claims within this Court's Tucker Act jurisdiction. See Taylor, 54 Fed. Cl. 423, 425 (2002); Lee, 33 Fed. Cl. at 379. For example, in other settlement agreement contexts, the Supreme Court has held that enforcement of a settlement agreement, whether through an award of damages or specific performance, is not a continuation or renewal of the dismissed suit, and, therefore, requires its own basis for jurisdiction. Kokkonen, 511 U.S. at 378. The Supreme Court concluded that a district court has ancillary jurisdiction to enforce a settlement agreement only if the court, either by a separate provision or by incorporation, makes the settlement agreement part of its dismissal order because a breach of the agreement would then be a violation of that order. Id. at 381.

Similarly, in Massie v. United States, the United States Court of Appeals for the Federal Circuit held that this Court possessed jurisdiction to entertain an action for breach of an agreement to pay plaintiff's claim arising under the Military Claims Act ("MCA"). 166 F.3d 1184 (Fed. Cir. 1999) ("An agreement to pay an MCA claim presumptively satisfies the Tucker Act because 'any agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government.'"). The Federal Circuit rejected the Government's argument that the complete and comprehensive statutory scheme pertaining to the payment of military claims under the MCA pre-empted this Court's Tucker Act jurisdiction. Id. at 1188. Although the Federal Circuit agreed that a contract will not fall within this Court's Tucker Act jurisdiction where Congress has placed jurisdiction elsewhere, it held that the MCA does not address the breach of agreements to pay MCA claims, and, therefore, the MCA does not deprive this Court of jurisdiction over such claims. Id. The Federal Circuit also distinguished its prior decisions, which held that this Court lacked jurisdiction over actions for breach of settlement agreements when the agreements arose from disputes which would have been litigated in other fora, by concluding that the claims at issue in those prior decisions required review of a subject matter reserved to another tribunal. Id. at 1189. In contrast, the plaintiff in Massie was not seeking a review of issues related to the MCA, but only sought to enforce her agreement with the Government. Id.

The United States Court of Appeals for the District of Columbia Circuit has concurred with the Federal Circuit's reasoning in Massie and has applied it to claims for breach of Title VII settlement agreements. See Hansson v. Norton, 411 F.3d 231, 237 (D.C. Cir. 2005). In Hansson, the D.C. Circuit dismissed a claim for breach of a Title VII settlement agreement for lack of

jurisdiction where the plaintiff sought only monetary relief and disposition of the claim would not require review of Title VII subject matter. Id. ("Because [plaintiff's claim] neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief under Title VII, but rather . . . is a contract claim against the United States for more than $10,000[,] . . . it is within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act."). Specifically, the plaintiff in Hansson claimed the Government failed to pay her attorney fees pursuant to the Title VII settlement agreement. Id. The D.C. Circuit opined that the Federal Circuit "appears to agree with this court's precedent that the Court of Federal Claims lacks jurisdiction under the Tucker Act only if 'disposition of the contract claim would require review of the subject matter reserved to another body.'" Id. at 236. According to the D.C. Circuit, this Court's prior decisions dismissing claims for breach of Title VII settlement agreements for lack of jurisdiction were distinguishable because those cases involved claims for equitable relief, which this Court may not award. Id.

Accordingly, in cases where a plaintiff seeks wholly contractual, pure monetary relief, this Court arguably may possess jurisdiction over a Title VII settlement agreement. However, in order to invoke the Court's jurisdiction, Ms. Buehler still must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). It is not enough for Ms. Buehler simply to assert a claim for money damages. Griswold v. United States, 61 Fed. Cl. at 465. Rather, she must establish that a substantive right enforceable against the United States for money damages exists. Id. (citing United States v. Testan, 424 U.S. at 398). Moreover, the alleged substantive right must be

of the type that can be fairly interpreted as mandating compensation by the Government for the damage sustained. Id.

Further, the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance." First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999). With certain strictly limited exceptions, there is no provision in the Tucker Act authorizing this Court to order equitable relief. See United States v. King, 395 U.S. at 4 ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"). But see 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in actions regarding Government solicitations).

Here, Ms. Buehler requests three categories of relief (excluding her damages claim based upon allegations of discrimination and intentional and negligent infliction of emotional distress), none of which properly invokes the jurisdiction of this Court. Amend. Compl. ¶¶ 4.9-4.14. First, Ms. Buehler alleges that the Postal Service, in bad faith, breached the agreement to place Ms. Buehler in a proper detail. It is unclear whether Ms. Buehler seeks declaratory relief from this Court, or whether she seeks this Court to place Ms. Buehler in a different position. Regardless, both would require the Court to grant equitable relief, which, as we have demonstrated, it may not do.

The remainder of Ms. Buehler's claims — that she was not paid the proper amount of night differential or out-of-pocket medical expenses — do not, in fact, present claims for money damages that are presently due. Instead, the settlement agreement explicitly provides that the exclusive remedy for the agency's non-compliance with the agreement is reinstatement of Ms.

Buehler's EEO complaint, a remedy this Court cannot provide. See App. A. Specifically, the EEOC regulations explicitly incorporated into the settlement agreement provide that if a complainant believes that the agency has failed to comply with the terms of a settlement agreement "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504.

Accordingly, as this Court has held in a nearly identical fact pattern, when EEOC settlement agreements contain reference to EEOC regulations governing remedies, monetary damages are generally not available for breach of a Title VII settlement agreement. See Schnelle, 69 Fed. Cl. at 467 (stating "[t]he settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements. Rather, the settlement agreements provide that, in the case of non-compliance with the agreements, the plaintiff may request compliance with the agreements or reinstatement of the EEOC complaints."). In so holding, this Court relied upon other district courts that have held the same. See id. (citing Morley v. Potter, No. C-04-5211FDB, 2005 WL 2406161, at *4 (W.D. Wash. Sept. 29, 2005); Frahm v. United States, No. 4:02CV00089, 2005 WL 1528421, at *3 (W.D. Va. June 23, 2005)). But see Westover v. United States, 72 Fed. Cl. 635, 639-40 (2006) (stating that the settlement agreement did not prescribe the proper forum for breach of contract but finding, nevertheless, that plaintiff failed to state a claim and noting that the Court lacked the power to reinstate the discrimination claim). For this reason, transfer back to district court would be futile. Schnelle, 69 Fed. Cl. at 467 n.4 ("A case should not be transferred to a district court if

it most probably would be a futile act.")(citations omitted).[2]

This comports with the D.C. Circuit's conclusion in Hansson that, if a settlement agreement incorporates portions of Federal law the jurisdiction of which is specifically placed in a specific forum, jurisdiction remains in that forum. Hansson, 411 F.3d at 235. Here, the settlement agreement specifically incorporated EEOC regulations that require reinstatement of the EEO complaint in the event of agency breach. This Court may not reinstate the EEOC complaint because it lacks equitable powers and also because, as the settlement agreement makes clear, the remedy for an agency breach involves consideration of substantive Title VII matters — matters that are wholly outside the jurisdiction of this Court.

Accordingly, Ms. Buehler has failed to present a claim for actual, presently-due money damages, and her claim the settlement agreement was breached should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, we respectfully request this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[2] This Court, in Schnelle, also noted that the district court's transfer of Ms. Buehler's claims to this Court do not establish this Court's jurisdiction. Schnelle, 69 Fed. Cl. at 467 n.3 (citing Hoch v. United States, 31 Fed. Cl. 111, 113 n. 1 (1994)). This Court must determine in the first instance, whether it possesses jurisdiction. Id.

s/ Todd M. Hughes / by s/ Kathryn A. Bleecker
TODD M. HUGHES
Assistant Director

s/ Claudia Burke
CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 353-9063
Fax: (202) 514-7965

November 29, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 29th day of November, 2006, a copy of the foregoing Motion To Dismiss, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Claudia Burke