ORIGINAL

Settlement Agreement
Annette Buehler v. Potter
EEOC No. 380-2003-08154X
Agency No. 1E-991-0005-01
1E-991-0018-03
August 14, 2003

In full and complete resolution of the matter cited herein, the undersigned parties agree as follows:

1. All parties agree that it is in the best interests of the effective functioning of the administrative Equal Employment Opportunity procedures and the parties hereto to maintain the terms and conditions of this Settlement in confidence between the parties, and those agents of the parties who have any direct duties relating to implementation of the settlement terms. The Complainant, as a term and condition of the settlement, agrees to keep confidential the information within and not to disclose said information to any third party other than legal counsel or such family members or agents of Complainant that have a reason to know its contents in order to implement its terms.

2. It is understood that the Settlement Agreement and the resolution thereof do not constitute a precedent in what may occur in other cases, and that the Settlement Agreement or its contents may not be cited for any other proceeding in any forum.

3. It is understood by the undersigned that this Settlement Agreement shall in no way constitute an admission of liability, wrongdoing, or discrimination by the United States Postal Service, its managers, supervisors, or employees.

4. This Agreement is entered into in the interests of all parties hereto in order to efficiently and expeditiously resolve the underlying dispute.

5. It is understood by the undersigned that this Agreement is in full and complete settlement of all outstanding complaints, administrative complaints, grievances and appeals filed by the below named Complainant or on Complainant's behalf relating to any matters that occurred prior to the execution of this Settlement Agreement. The below named Complainant agrees to voluntarily withdraw all outstanding complaint, administrative complaint, grievance or appeal. It is understood that by virtue of Complainant's signature on this settlement, Complainant requests that EEOC, Complainant's labor organization and any other jurisdiction withdraw all complaints, appeals or grievances filed prior to the



ENTERED 082503

ORIGINAL

Settlement Agreement
Annette Buehler v. Potter
EEOC No. 380-2003-08154X
Agency No. 1E-991-0005-01
August 14, 2003

contingent upon those complaints, grievances or appeals being withdrawn. Further, it is understood that in withdrawing the aforementioned EEO complaint, the Complainant waives all rights to an oral hearing or further appeal on the matters raised. It is further stipulated that the withdrawals are made without any threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement.

6. It is understood and agreed that, except as otherwise provided in this Settlement Agreement, Complainant is otherwise subject to the usual terms and conditions of postal employment as provided by applicable regulations and statutes.

7. It is understood and agreed that neither party will seek to set aside this Settlement Agreement on account of any dispute which arises over the implementation of the terms of this Agreement. The Complainant may only seek to enforce this Settlement Agreement pursuant to those parts of the Equal Employment Opportunity Commission enforcement regulations. In accordance with 29 CFR 1614.504(a), if the Complainant believes that the Agency has failed to comply with the terms of a settlement agreement or final decision, the Complainant shall notify the District EEO Compliance and Appeals Coordinator in writing of the alleged noncompliance within 30 days of the date on which Complainant knew or should have known of the alleged noncompliance. The Complainant must allow the Agency a reasonable time to implement the terms of the settlement agreement. If that time passed without full implementation, Complainant may request that the EEOC order implementation of the terms of the settlement agreement, or, alternatively, that the complaint be reinstated for further processing from the point processing ceased. It is specifically acknowledged by the parties hereto that any dispute concerning future discipline, future step increases, nature of future work assignments and any other term or condition of the Complainant's employment not expressly determined by this Settlement Agreement are new and independent matters separately covered by Agency policy which may only be addressed through the usual channels of administrative, collective bargaining, or judicial redress, and not through an action to enforce this Settlement Agreement.

8. It is understood and agreed that neither the Complainant nor her representative shall seek or accept any other benefits, fees, or costs with

ORIGINAL

Settlement Agreement
Annette Buehler v. Potter
EEOC No. 380-2003-08154X
Agency No. 1E-991-0005-01
August 14, 2003

regard to the instant complaints or settlement of the underlying matters therein.

9. The parties hereto acknowledge that this Settlement Agreement contains the entire agreement between the Complainant and the United States Postal Service.

10. The parties hereby agree to the following terms of settlement:

a. The Agency will assign Complainant to a detail as approved by her medical care provider within 120 days, time frame can be altered by parties. Complainant will provide Gay Schroff, Manager of Human Resources, with her job limitations and any other specific information needed to allow Ms. Schroff to assign said detail.

b. The Agency will pay to Complainant as a lump sum the amount of any leave without pay (LWOP) at level PS 06 rate, taken by Complainant as a result of this complaint, minus two weeks, which will be paid as indicated in subparagraph c.

c. The Agency will grant Complainant two week's administrative leave to be taken consecutively between August 18, 2003 and the end of leave year 2003, with proper notice given to management.

d. The Agency will reimburse all out of pocket medical expenses attributable to this complaint upon documentation submitted to the Manager of Human Resources within thirty (30) days of the date of execution of this agreement.

e. The Agency will pay Complainant's reasonable attorneys' fees in the amount of $2,550.50.

Annette Buehler
Complainant

08-19-03
Date

Gay Schroff
Manager Human Resources
USPS Spokane District

08/18/03
Date



7

ORIGINAL

Settlement Agreement
Annette Buehler v. Potter
EEOC No. 380-2003-08154X
Agency No. 1E-991-0005-01
August 14, 2003

George Guinn, Esq.
Complainant's Representative

8/19/03
Date



8