**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Annette L. Buehler,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A41816

Agency No. 1E-991-0005-01

Hearing No. 380-2003-08154X

DECISION

By letter to the Commission dated January 21, 2004, complainant alleged that the agency was in breach of an August 19, 2003 settlement agreement.

The August 19, 2003 settlement agreement provided, in pertinent part, that:

10(a) The [a]gency will assign [c]omplainant to a detail as approved by her medical care provider within 120 days, time frame can be altered by parties. Complainant will provide [agency] management official, [A1], Manager of Human Resources, with her job limitations and any other specific information needed to allow [A1] to assign said detail.

10(b) The [a]gency will pay to [c]omplainant as a lump sum the amount of any leave without pay (LWOP) at level PS 06 rate, taken by [c]omplainant as a result of this complaint, minus two weeks, which will be paid as indicated in subparagraph c.

10(c) The [a]gency will grant [c]omplainant two weeks administrative leave to be taken consecutively between August 18, 2003 and the end of leave year 2003, with proper notice given to management.

MAR 15 2005
EEO Compliance & Appeals
Western Area

10(d) The [a]gency will reimburse all out-of-pocket medical expenses attributable to this complaint upon documentation submitted to the Manager of Human Resources within thirty (30) days of the date of execution of this agreement.

Regarding provision 10(a), complainant asserted in a January 21, 2004 letter to the Commission, that she received a letter from the agency dated January 12, 2004, which informed her that her detail was ending and that she was being assigned back to the same environment that the EEO settlement sought to remove her from. Regarding provision 10(b), complainant asserted that she was not paid for all lost wages. Specifically, she stated that night differential was not paid and that she was not credited with lost annual leave and sick leave. Regarding provision 10(d), complainant stated that the agency has not paid her out-of-pocket medical expenses.

In its March 1, 2004 final decision, the agency found no breach. Regarding provision 10(a), the agency found that complainant went on detail, first at the District Office, then at Hays Park Station. The agency further stated that the agency notified complainant by letter dated January 12, 2004, that her detail was ending. Regarding provision 10(b), the agency stated that "[i]f the worker was on any kind of leave, night differential is not paid." Regarding lost annual and sick leave, the agency stated that in order for complainant to be credited with annual and sick leave, "the LWOP would have had to have been changed to Administrative Leave, [and] not paid as [a] lump sum."

On appeal, complainant, through her attorney, reiterates that the agency is in breach of the settlement agreement. Complainant asserts that the agency should void the agreement because the agency induced complainant into executing the agreement as a result of misrepresentation. Specifically, complainant asserts that the agency never mentioned its intention that the job change would be only temporary. In addition, complainant states that if the agreement is not void, provision 10(a) should be deemed ambiguous because it does not expressly specify if the detail was to be temporary or permanent.

Regarding provision 10 (b), complainant states the agency failed to pay her night differential which is part of her standard wage. Finally, complainant states that she was to be reimbursed for all out-of-pocket medical expenses within thirty days of executing the agreement, but that she was not issued a check until January 30, 2004, and is therefore seeking interest. Finally, complainant seeks attorney's fees regarding this appeal.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v.*

*Department of Veterans Affairs*, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. *See Hyon O v. United States Postal Service*, EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984).

Provision 10(a)

The Commission finds that the agency is in substantial compliance with provision 10(a). Complainant contends that the agency misrepresented provision 10(a). However, the record is devoid of evidence that the agency misled complainant or that it misrepresented the meaning of provision 10(a). In addition, provision (5) provides, in relevant part, that complainant's withdrawal of her EEO complaint was made "without any threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement."

The Commission finds that provision 10(a) did not require the agency to place complainant in a different position permanently. Complainant, through her attorney, acknowledges in her brief in support of her appeal, dated July 15, 2004, that the agency placed her in various details including: "(1) clerk at the Hays Park Station from September 11, [2003]-February 20, 2004; (2) secretary at the district office for approximately three weeks in November 2003; and (3) general employee for a 'mobile post office unit' during December 2003." In addition, when an agreement fails to specify a time period for complainant to remain in a position, the agency need not retain complainant in that position forever. *See Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). If complainant wanted to be placed in a different position on a permanent basis, she should have had this language included in the settlement agreement. Based on these circumstances, we find that the agency has complied with provision 10(a).

Provision 10(b)

The Commission finds that the agency is not in breach of provision 10(b). While complainant claims that the agency did not credit her with lost annual leave and sick leave, the Commission finds that, based upon the plain language of provision 10(b), the agency was not required to adjust complainant's annual or sick leave.

Regarding complainant's assertion that she was not paid night differential which is part of her wages, the record supports the agency's assertion that employees who actually work between 6:00

p.m. and 6:00 a.m. are paid night differential.[1] The record contains a portion of an Employee Relations Manual (ELM). Therein, § 434.21 of the ELM provides, in relevant part, "[n]ight differential is a premium that is paid to eligible employees for all work and paid training or travel time performed between 6:00 p.m. and 6:00 a.m." The Commission further notes that provision 6 of the settlement agreement provides "[i]t is understood and agreed that, except as otherwise provided in this Settlement Agreement, complainant is otherwise subjected to the usual terms and conditions of postal employment as provided by applicable regulations and statutes." Furthermore, the plain language of the provision 10(b) does not obligate the agency to pay complainant night differential for the period of time in question. Therefore, the Commission finds that the agency is not in breach of provision 10(b).

Provision 10(d)

The Commission finds that the agency is in substantial compliance with provision 10(d). While complainant, through her attorney, acknowledges that the agency issued a check for $1,334.25 on January 30, 2004, complainant states that the payment is late and requests that the agency be ordered to pay interest. The record contains a copy of a check addressed to complainant in the amount of $1,334.25, dated January 30, 2004. In addition, the Commission has held that the failure to satisfy a time frame specified in a settlement agreement does not prevent a finding of substantial compliance of its terms, especially when all required actions were subsequently completed. *See Lazarte v. Department of the Interior*, EEOC Appeal No. 01954274 (April 25, 1996).

Accordingly, the Commission **AFFIRMS** the agency's determination that it is not in breach of provisions 10(a), 10(b), and 10(d).

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

---

[1]Complainant asserts that her normal work hours are from 8:30 p.m. to 5:00 a.m. Therefore, she asserts that the agency should have provided her with night differential in its lump sum payment.

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration.** *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court

permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

MAR 1 0 2005
Date

**CERTIFICATE OF MAILING**

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

MAR 1 0 2005
Date

Equal Opportunity Assistant