CHRISTINE M. WEAVER
Law Office of Christine M. Weaver, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
(509) 924-5181
(509) 924-3403 - fax

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

* * *

ANNETTE BUEHLER,

v. NO. 06-382 C

THE UNITED STATES Judge Lawrence J. Block

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Annette Buehler, by and through her counsel of record, Christine M. Weaver, of the Law Office of Christine M. Weaver, P.S., hereby submits this memorandum in opposition to Defendant's motion to dismiss Plaintiff's complaint in the Court of Federal Claims.

UNDERLYING RELEVANT FACTS

The following is a time-line of relevant dates and facts precipitating this motion:

| | |
|---|---|
| June 20, 2001 | Plaintiff files the 1st EEOC Complaint against the USPS seeking redress for discriminatory conduct by the agency based on sex and retaliation (Title VII). |
| August 19, 2003 | Through a mediation, the matter is settled with the USPS providing for, among other things, "a detail as approved by her medical care provider within 120 days ...." |
| September, 2003 | Plaintiff is sent to work without appropriate paperwork for a "detail". |
| January 7, 2004 | USPS notifies plaintiff she is being sent back to her old position. |
| January 21, 2004 | Plaintiff files appeal to EEOC for breach of the agreement. |



LAW OFFICE OF CHRISTINE M.WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

| | |
|---|---|
| December 27, 2004 | Suit filed in United States District after more than 180 days passed. |
| March 10, 2005 | EEOC renders decision |
| July 2005 | Joint Case Certification filed in district court. U.S. admits jurisdiction and venue appropriate. |
| February 24, 2006 | U.S. files motion to dismiss claiming Court of Federal Claims has jurisdiction since contract case for more than $10,000. |
| March 3, 2006 | District Court grants stipulated motion to dismiss and transfer. |
| May 11, 2006 | Notice of Assignment in Court of Federal Claims filed. |
| November 28, 2006 | Amended Complaint filed by Plaintiff.[1] |

## LEGAL ARGUMENT

1. This Court has Jurisdiction Over the Breach of Contract Claim.

The employer, the United States is incorrect in its analysis of applicable case law. This case is properly before the Court of Federal Claims. On June 28, 2006, a mere seven months ago, this Court decided that jurisdiction exists over a claim that the government has breached an agreement settling Title VII discrimination claims. Here, Ms. Buehler filed a claim with the EEO for discrimination based upon sex and retaliation. An agreement was entered into with the government settling those claims in August 2003. By January 2004, the USPS breached that agreement and a claim was filed with the EEOC. After waiting more than 180 days for a decision, Ms. Buehler filed suit in United States District Court for the Eastern District of Washington. The matter was transferred to this court since the USPS asserted proper jurisdiction in this Court.

In *Westover v. U.S.*, 71 Fed.Cl. 635 (June 28, 2006), this Court stated:

> Defendant concedes, despite citing several cases that have held otherwise, that the Court of Federal Claims most likely has jurisdiction over Title VII settlement agreements, assuming that all other jurisdictional requirements are met.

*Id.* This Court further stated that is was erroneous for the defendant to contend that the contract at issue

[1]The only claims before this court are those as stated in the Amended Complaint - breach of contract, fraud, specific performance and bad faith.



LAW OFFICE OF CHRISTINE M.WEAVER, P.S.
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

must be money mandating in order for the Court of Federal Claims to have jurisdiction. *Id.* at 639. However, federal courts have consistently held that if the claim brought under the Tucker Act is not contractual, then the action must be brought pursuant to a "money-mandating constitutional provision, statute, regulation or executive order." *Id.* at 640. In that case, this Court found that the defendant did not allege that the "settlement agreement failed to constitute a contractual relationship between the Government and plaintiff nor does any evidence indicate it is not a contractual agreement." Thus, the plaintiff is not required to show that the contract is money-mandating, only that a contract exists. *Id.* This Court held that the settlement agreement between the plaintiff and defendant to settle Title VII claims was a contract. *See also Brown v. U.S.*, 389 F.3d 1296 (D.C. 2004)(Court of Federal Claims has exclusive jurisdiction over both breach of contract and new Title VII claims.)

In this matter, the USPS entered into a contract with Ms. Buehler to settle her Title VII claims of discrimination based on sex and retaliation. There is no dispute that this is, in fact, a contract. *See* Defendant's Motion to Dismiss, p. 2, fn. 1, pp. 4, 5. Therefore, this Court has jurisdiction.

2. <u>Breach of Contract is Shown Here.</u>

In order to recover damages for a breach of contract claim, Ms. Buehler must establish:

a. a valid contract between the parties,

b. an obligation or duty arising out of the contract,

c. a breach of that duty, and

d. damages caused by the breach.

*Westover*, 71 Fed. Cl. at 640. Here, the contract is in the record. The USPS had an obligation to assign Ms. Buehler to "a detail approved by her medical care provider" incorporating her job limitations as indicated by her physician. *See* Settlement Agreement, p. 3, para. 10(a). The breach occurred when the USPS never formally assigned her to a detail and then in January 2004, sent her back to her old position despite the existence of continued limitations. Also, Defendant breached the agreement by failing to compensate Ms. Buehler for night differential pay, credit for time and service rights towards retirement and sick and annual leave in her lump sum payment which was part of her ordinary compensation.



**LAW OFFICE OF CHRISTINE M.WEAVER, P.S.**
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

Further, Defendant failed to reimburse medical expenses within 30 days as required by the agreement. *Id.* at p. 3, para.10 (d). Paying 5 ½ months later does not erase the breach as alleged by the USPS. As a result of the breach, Ms. Buehler has suffered damages including but not limited to, wages, emotional distress, attorney fees and costs, since she has not been able to work for the USPS since the breach. *See* Affidavit of Annette Buehler. The breach of the settlement agreement is the "but-for cause of these damages." *Westover*, 71 Fed.Cl. 640.

3. The Fraud Claim Should be Dismissed Since it Sounds in Tort.

Plaintiff concedes that fraud sounds in tort and should be dismissed.

4. Plaintiff is not Requesting Equitable Relief.

Ms. Buehler is not requesting any type of equitable relief. Defendant cites a litany of cases where plaintiffs have requested some sort of equitable relief such as, *inter alia,* adjustments to annual and sick leave, seniority, and adjustments to performance ratings. *See* Defendant's Motion to Dismiss, pp. 8-9. In this case, Ms. Buehler alleges that the USPS breached the agreement settling her claims by never formally providing a detail as agreed to in the contract attached as an exhibit to Defendant's Brief and then assigning her back to her old position. *See* Amended Complaint and Affidavit of Annette Buehler. There is no equitable relief sought.

5. Reinstatement of the EEO Complaint is not the Only Remedy Allowed to Plaintiff.

Further, contrary to Defendant's assertion, the contract does not "require reinstatement of the EEO complaint in the event of agency breach." *Id.* at 14. The contract allows for filing with the EEOC or reinstatement. *See* Settlement Agreement, p. 2, para. 7. Ms Buehler filed with the EEOC and after waiting over 11 months, she filed suit in federal court with jurisdiction pursuant to 29 C.F.R. 1614.407(d), among others.

CONCLUSION

Clearly, this Court has jurisdiction for this breach of contract claim. While the fraud claim may be dismissed, all other claims are properly before this Court. The Defendant's Motion to Dismiss should be denied and litigation allowed to go forward. The contract does not need be "money mandating" for



**LAW OFFICE OF CHRISTINE M.WEAVER, P.S.**
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

jurisdiction to exist as claimed by Defendant. *Westover,* 71 Fed.Cl. 639. Jurisdiction over this matter has been established because the clais is based on a contract with the Government. *Id.*

DATED: January 30, 2007.

LAW OFFICE OF CHRISTINE M. WEAVER, P.S.

By: s/ Christine M. Weaver
CHRISTINE M. WEAVER
Attorney for Plaintiff

X:\04-1009\PLDG\COURT OF FEDERAL CLAIMS\DISMISS-OPP.WPD



**LAW OFFICE OF CHRISTINE M.WEAVER, P.S.**
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following, and/or I caused to be served a true and correct copy of the foregoing on the following in the manner indicated below:

| | |
|---|---|
| Claudia Burke | XX Electronically |
| Department of Justice | ___ U.S. Mail |
| Civil Division | ___ Overnight Mail |
| 1100 L St. N.W. Room 11058 | ___ Hand Delivery |
| Washington, D.C. 20530 | ___ Facsimile |

s/ Christine M. Weaver

CHRISTINE M. WEAVER



**LAW OFFICE OF CHRISTINE M.WEAVER, P.S.**
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

**TABLE OF CONTENTS**

UNDERLYING RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

1. This Court has Jurisdiction Over the Breach of Contract Claim.. . . . . . . . . . . . . . . . . . . . . . . 2
2. Breach of Contract is Shown Here.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
3. The Fraud Claim Should be Dismissed Since it Sounds in Tort... . . . . . . . . . . . . . . . . . . . . . 4
4. Plaintiff is not Requesting Equitable Relief.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
5. Reinstatement of the EEO Complaint is not the Only Remedy Allowed to Plaintiff.. . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4



**LAW OFFICE OF CHRISTINE M.WEAVER, P.S.**
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403

# TABLE OF AUTHORITIES

**CASES**

*Westover v. U.S.*, 71 Fed.Cl. 635 (June 28, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Brown v. U.S.*, 389 F.3d 1296 (D.C. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

29 C.F.R. 1614.407(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4



**LAW OFFICE OF CHRISTINE M.WEAVER, P.S.**
9011 E. Valleyway Ave.
Spokane Valley, WA 99212
TEL: (509) 924-5181 FAX: (509) 924-3403