IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANNETTE BUEHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-382C (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply to the opposition to our motion to dismiss filed by plaintiff, Annette Buehler.

Our statement of facts appears in full in our motion to dismiss. Briefly, Ms. Buehler alleges that the Government breached an Equal Employment Opportunity ("EEO") settlement agreement that she entered into with the United States Postal Service ("Postal Service"). Specifically, Ms. Buehler alleges that the Postal Service failed to comply with provisions of the settlement agreement that required the agency to assign Ms. Buehler to a detail, pay Ms. Buehler night differential pay, and reimburse Ms. Buehler her out-of-pocket medical expenses. Amend. Compl. at ¶ 4.10-4.12. The settlement agreement provided that the complainant may only seek to enforce the agreement pursuant to the Equal Employment Opportunity Commission ("EEOC") enforcement regulations. Specifically, the parties agreed that the only remedy for breach was a request that the EEOC implement the terms of the agreement or reinstate the complaint. Motion to Dismiss, App. A at 3 (citing 29 C.F.R. § 1614.504(a)).

III. This Court Does Not Possess Jurisdiction Over Claims For Breach Of A Title VII Settlement Agreement Unless The Claim Is A Pure Contract Claim For Presently Due Money Damages That Neither Seeks Any Equitable Relief Nor Requires An Interpretation Of Title VII

As we demonstrated in our motion to dismiss, the question whether this Court possesses jurisdiction to entertain a claim for breach of contract resulting from a Title VII action is complex and unsettled. Ms. Buehler's opposition to our motion does not recognize this complexity and relies entirely upon inapposite precedent.

This Court has generally held that it does not possess jurisdiction to entertain breach of contract claims arising from Title VII actions. See Griswold v. United States, 61 Fed. Cl. 458 (2004); Taylor v. United States, 54 Fed. Cl. 423 (2002); Mitchell v. United States, 44 Fed. Cl. 437 (1999); Lee v. United States, 33 Fed. Cl. 374 (1995); Fausto v. United States, 16 Cl. Ct. 750 (1989). However, recently, the United States Court of Appeals for the District of Columbia Circuit held that this Court and not the district court, possessed jurisdiction to entertain a claim for breach of a Title VII settlement agreement so long as the claim sought only monetary relief and disposition of the claim would not require review of Title VII subject matter. See Hansson v. Norton, 411 F.3d 231, 237 (D.C. Cir. 2005) ("Because [plaintiff's claim] neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief under Title VII, but rather . . . is a contract claim against the United States . . . within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act."). According to the D.C. Circuit, this Court's prior decisions dismissing claims for breach of Title VII settlement agreements for lack of jurisdiction were distinguishable because those cases involved claims for equitable relief, which this Court may not award. Id.

Noting Hansson, this Court has similarly expanded its previous view to conclude that it possesses jurisdiction as long as there is a claim for actual money damages that are presently due. See Schnelle v. United States, 69 Fed. Cl. 463, 465 n.1 (2006). As the Court held in Schnelle (which presented a nearly-identical fact pattern), when EEOC settlement agreements explicitly prescribe limited available remedies for a breach and indeed reference EEOC regulations that govern available remedies, monetary damages are generally not available for breach of a Title VII settlement agreement. See Schnelle, 69 Fed. Cl. at 467 (stating "[t]he settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements. Rather, the settlement agreements provide that, in the case of non-compliance with the agreements, the plaintiff may request compliance with the agreements or reinstatement of the EEOC complaints.").

Here, as we demonstrated in our motion to dismiss, Ms. Buehler's allegations that she was not paid the proper amount of night differential or out-of-pocket medical expenses, Amend. Compl. ¶¶ 4.9-4.14, do not constitute claims for actual money damages presently due. Instead, the settlement agreement explicitly provides that the exclusive remedy for the agency's non-compliance with the agreement is EEOC enforcement of the agreement or reinstatement of Ms. Buehler's EEO complaint — remedies this Court cannot provide. See App. A. Specifically, the EEOC regulations explicitly incorporated into the settlement agreement provide that if a complainant believes that the agency has failed to comply with the terms of a settlement agreement "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504. The settlement agreement here

contains precisely the same language and incorporated regulation as the settlement agreement in Schnelle. In other words, the settlement agreements in both cases provide only one remedy which can be implemented only by the EEOC, not this Court. Therefore, Ms. Buehler cannot allege, based upon this agreement, that she is owed any presently-due money damages.

To the extent Ms. Buehler relies upon this Court's decision in Westover v. United States, 71 Fed. Cl. 635 (2006), Opp. at 2-4, Westover does not apply. Indeed, although the Court in Westover exercised subject matter jurisdiction apparently without qualification, the settlement agreement in Westover did not state, as it does in this case, that the sole remedy for breach was enforcement or reinstatement by the EEOC. If a settlement agreement incorporates portions of Federal law the jurisdiction of which is specifically placed in a specific forum, jurisdiction remains in that forum. Hansson, 411 F.3d at 235. Here, the settlement agreement specifically incorporated EEOC regulations that require reinstatement of the EEO complaint in the event of agency breach. This Court may not reinstate the EEOC complaint because it lacks equitable powers to do so.

Ms. Buehler's response, Opp. at 4, reiterates her two options (EEOC enforcement or reinstatement), but fails to recognize that they are her only options, and that their limits take her claims squarely outside of those raised in Westover. Ms. Buehler is, of course, correct, that she sought relief from the EEOC, Motion to Dismiss, App. C, but ignores the requirement, articulated in the EEOC's decision of her appeal, that she file any appeal of that determination in district court. Although Ms. Buehler sought relief in district court (which then transferred the case here), she did so before the EEOC had even adjudicated her appeal. Thus, Ms. Buehler has not complied with the very limited avenues of relief available to her pursuant to the terms of the settlement agreement.

To the extent that Ms. Buehler's complaint alleges a third category of relief, she concedes that her complaint seeks to have this Court provide her with a detail position in the Postal Service and has not amended her complaint to allege specific monetary damages as a result of the alleged breach.[1] Opp. at 4. Although Ms. Buehler contends this is not a request for equitable relief, she must agree that it would not require a judgment of money damages; rather, it would require the Court to order specific performance. This Court "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance." First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999). Even if the Court could provide the relief sought, it would nevertheless be barred from doing so because the terms of the settlement agreement provide only limited remedies that this Court cannot provide. Therefore, Ms. Buehler's claim requesting this Court to place her in a detail should be dismissed.

CONCLUSION

For these reasons, we respectfully request this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

---

[2] Ms. Buehler attached a declaration to her opposition to our motion to dismiss, stating that she has lost wages "in excess of $10,000" as a result of the Postal Service's alleged breach of the terms of the settlement agreement. This declaration is not properly part of Ms. Buehler's amended complaint, and, in any event, it merely reinforces that Ms. Buehler effectively seeks re-litigation of her discrimination claims. See Declaration at ¶¶ 3, 6 (discussing the underlying reasons for her request for transfer and her alleged damages that sound in tort).

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ Claudia Burke
CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C., 20530
Tel: (202) 353-9063
Fax: (202) 514-7965

February 15, 2007 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of February, 2007, a copy of the foregoing Defendant's Reply In Support Of Its Motion To Dismiss, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Claudia Burke