# United States Court of Federal Claims

**No: 06-382 C**
May 16, 2007
NOT TO BE PUBLISHED

---

**ANNETTE BUEHLER,**

***Plaintiff*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

---

*Christine M. Weaver*, Law Office of Christine M. Weaver, P.S., for the plaintiff.

*Claudia Burke*, Commercial Litigation Branch, United States Department of Justice, for the defendant.

## OPINION AND ORDER

**Block, *Judge.***

Before this Court is defendant's motion to dismiss plaintiff's complaint pursuant to rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCRC"). Plaintiff alleges that in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17 (2000) ("Title VII"), she suffered economic, emotional and physical damage as a direct result of gender discrimination, hostile work environment, retaliation, disability discrimination, and intentional and negligent infliction of emotional distress. After filing a formal complaint with the Equal Employment Opportunity Commission ("EEOC") in 2001, plaintiff entered into a settlement agreement with the defendant in 2003 to resolve her EEOC claims. Plaintiff alleges the defendant has breached the terms of the settlement agreement, and seeks actual and punitive damages as well as specific performance of the settlement agreement. Because this Court lacks subject matter jurisdiction to entertain plaintiff's claims, defendant's motion to dismiss is granted.

## I. FACTUAL BACKGROUND

Plaintiff Annette Buehler has been employed in various positions with the United States Postal Service ("USPS") in Spokane, Washington since 1985. In 2001, Ms. Buehler filed an Equal Employment Opportunity ("EEO") complaint alleging sex discrimination, reprisal and disability discrimination. Specifically, Ms. Buehler alleged that she was paid significantly less than similarly situated male employees performing the same job duties, was yelled at and treated in an extremely rude and intimidating manner, was forced to violate USPS regulations under threat of disciplinary action by her supervisors, and was denied promotions and other opportunities and otherwise discriminated against because of her gender. In 2003, Ms. Buehler and the USPS entered into an agreement to settle her EEO claims. In January 2004, Ms. Buehler appealed to the EEOC, alleging that the USPS breached the settlement agreement. In March 2005, the EEOC determined that the USPS had not breached the settlement agreement, and offered Ms. Buehler an opportunity to seek reconsideration—an opportunity she did not pursue.

In December 2004, while her EEOC appeal was pending, plaintiff filed a complaint in the United States District Court for the Eastern District of Washington, alleging the identical claims set forth in her claim now before this Court. In March 2006, after the government filed a motion to dismiss her complaint, the parties voluntarily stipulated to dismiss Ms. Buehler's claims of hostile work environment, gender discrimination, retaliation, disability discrimination, and intentional infliction of emotional distress. The parties agreed that the remaining claim, based upon a breach of the settlement agreement, should be transferred to this Court. The district court then entered an order dismissing Ms. Buehler's discrimination claims and transferring only her breach of settlement agreement claim to this Court. *Annette Buehler v. John E. Potter, Postmaster General, United States Postal Service*, CV-04-4880RHW.

## II. DISCUSSION

While the Court acknowledges the district court's decision to transfer Ms. Buehler's breach of agreement claim, it also has an independent duty to determine whether this Court has jurisdiction. *See Taylor v. United States*, 73 Fed. Cl. 532, 538 (2006) (*citing View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997)). And while Title VII provides that "the exclusive judicial remedy for claims of discrimination in federal employment" must be commenced in the U.S. district courts, *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); 42 U.S.C. § 2000e-5(f)(3); *see Taylor*, 73 Fed. Cl. at 540 (*citing Montalvo v. United States*, 17 Cl. Ct. 744 (1989), this Court has jurisdiction over Ms. Buehler's breach of settlement agreement under the Tucker Act, 28 U.S.C. § 1498, *see Trauma Serv. Group v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997) (noting that any agreement with the government conceivably "can be a contract within the meaning of the Tucker Act"), only if there is "a money-mandating source" in the agreement. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005); *See United States v. King*, 395 U.S. 1, 3 (1969) (holding that claims in what is now the Court of Federal Claims must be for "actual, presently due money damages from the United States"); *New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997).

No such jurisdiction here exists. The settlement agreement between Ms. Buehler and the USPS does not mandate the payment of monetary compensation. Rather, the agreement provides the plaintiff with two remedies—the plaintiff may either request compliance with the agreement or seek reinstatement of her EEOC complaint.[1] Accordingly, because no right to money damages for breach of the settlement agreement has been established, the plaintiff has failed to establish jurisdiction in this Court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (noting plaintiff bears the burden of proof of establishing jurisdiction); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (*citing Land v. Dollar*, 330 U.S. 731, 735 (1947)).

## III. CONCLUSION

Because jurisdiction over plaintiff's claims are lacking in this Court, the government's motion to dismiss must be **GRANTED**.

**IT IS SO ORDERED.**

s/ Lawrence J. Block

**Lawrence J. Block**
**Judge**

[1] The remedy provision of the agreement incorporates 29 C.F.R. § 1614.504 (2005), which reads that "[t]he complainant may request that the terms of the settlement agreement be specifically implemented, or alternatively, that the complaint be reinstated for further processing from the point processing ceased." Def.'s Mot. Dismiss, Attach. 1 ¶ 7 ("Settlement Agreement").